**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

| | | |
|---|---|---|
| J&N RECORDS LLC, J&N PUBLISHING LLC, 829MUSIC MUNDIAL LLC, and MAYIMBA MUSIC, INC., | : | Case No.: __________ |
| Plaintiffs, | : | **DEMAND FOR JURY TRIAL** |
| v. | : | |
| WARNER MUSIC LATINA INC., WARNER MUSIC GROUP CORP. d/b/a ADA LATIN, HARLEY BOYS ENTERTAINMENT, LLC d/b/a ROAD RUNNER ENTERTAINMENT INC, and LUIS ALFREDO SILVERIO a/k/a LUIGUI BLEAND, | : | |
| Defendants. | | |

## COMPLAINT
## PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF REQUESTED

Plaintiffs J&N Records, LLC, J&N Publishing LLC, 829Music Mundial LLC and Mayimba Music, Inc. (together, "Plaintiffs"), by their attorneys, Smith, Gambrell & Russell, LLP, as and for their Complaint against defendants Warner Music Latina Inc., Warner Music Group Corp. d/b/a ADA Latin, Harley Boys Entertainment, LLC d/b/a Road Runner Entertainment Inc, and Luis Alfredo Silverio a/k/a Luigui Bleand (collectively, "Defendants") allege as follows:

## INTRODUCTION

1. This is an action for copyright infringement, contributory copyright infringement, vicarious copyright infringement and injunctive relief, all arising from Defendants' willful and systematic infringement of sound recordings and musical compositions for which Plaintiffs are the owners of the exclusive copyrights and/or distribution rights.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as the action arises under the original and exclusive jurisdiction of the federal courts and 28 U.S.C. § 1338(a) as the controversy arises under the Copyright Act and Copyright Reversion Act of 1976 (17 U.S.C § 101 *et seq.*).

3. Venue lies with this Court as Defendants sell infringing music over the internet to customers based in the Southern District of Florida, and a substantial part of the events or omissions giving rise to the claims occurred in the Southern District of Florida.

## THE PARTIES

4. Plaintiff J&N Records LLC ("J&N Records") is a limited liability corporation organized and existing under the laws of the State of Florida with its principal place of business at 10400 NW 37th Terrace, Doral, Florida.

5. Plaintiff J&N Publishing LLC ("J&N Publishing") is a limited liability corporation organized and existing under the laws of the State of Florida with its principal place of business at 10400 NW 37th Terrace, Doral, Florida.

6. Plaintiff 829Music Mundial LLC ("829Music") is a limited liability corporation organized and existing under the laws of the State of North Carolina with its principal place of business at 4290 Kaiser Woods Dr. SW Concord, North Carolina.

7. Plaintiff Mayimba Music, Inc. ("Mayimba") is a C corporation organized and existing under the laws of the State of New York with its principal place of business at 24 White Birch Drive, Pomona, New York.

8. Upon information and belief, Defendant Warner Music Latina Inc. ("Warner Music") is a record label organized under the laws of Delaware with its principal place of business at 555 Washington Avenue, Miami Beach, Florida.

9. Upon information and belief, Defendant Warner Music Group Corp. ("WMG") is a global music corporation organized under the laws of Delaware with its principal offices at 1633 Broadway, New York, New York.

10. Upon information and belief, ADA Latin ("ADA") is a distribution and label services arm of WMG.

11. Upon information and belief, Defendant Harley Boys Entertainment, LLC d/b/a Road Runner Entertainment Inc. ("Harley Boys") is a Florida corporation registered to do business in the State of Florida with its principal place of business at 20200 West Dixie Highway, Suite 902, Aventura, Florida.

12. Upon information and belief, Defendant Luis Alfredo Silverio a/k/a Luigui Bleand ("Bleand") is a resident of the Dominican Republic, and who, upon information and belief, is a principal of and works on projects together with and on behalf of Defendant Harley Boys.

## FACTS COMMON TO ALL CAUSES OF ACTION

13. Plaintiffs J&N Records and 829Music are record companies engaged in the business of producing, distributing, selling, licensing and facilitating the distribution and sale of sound recordings worldwide.

14. J&N Records is the exclusive owner of the copyrights (by way of written agreement) with respect to an extensive and diverse catalogue of sound recordings for Latin American music.

15. Pursuant to written agreements with the relevant parties, J&N Records is the exclusive owner of the copyrights and/or the exclusive distribution rights to the sound recordings set forth on **Exhibit "A"**. J&N Records has filed and received Certificates of Copyright Registration from the Register of Copyrights for the copyrighted sound recordings listed in Exhibit A.

16. Pursuant to written agreements with the relevant parties, Plaintiff 829Music is the exclusive owner of the copyrights and/or the exclusive distribution rights to the sound recordings set forth in **Exhibit "B"**. 829Music has filed and received Certificates of Copyright Registration from the Register of Copyrights for the sound recordings listed in Exhibit B.

17. Under the Copyright Act, Plaintiffs J&N Records and 829Music possess the exclusive rights, among other things, to "reproduce the copyrighted work[s]" and "distribute copies or phonorecords of the copyrighted work[s]s to the public," as well as to authorize or license others to engage in such actives. 17 U.S.C. § 106.

18. In addition to distributing, selling and licensing phonorecords in the form of CDs, cassettes and other tangible media, Plaintiffs J&N Records and 829Music also distribute and license their sound recordings in the form of digital audio files, which are marketed and distributed online in a variety of forms (*e.g.*, permanent downloads, conditional downloads, subscription services, streaming, etc.), and delivered to the consumer *via* the Internet, including through authorized services, such as Apple's iTunes, Spotify and Amazon's MP3 Music Service.

19. The Orchard is and has been J&N Records' and Mayimba's digital distributor for more than a decade. Pursuant to the contract between The Orchard and J&N Records, The Orchard provides the sound recordings set forth in Exhibit A to authorized services or digital platforms.

20. Symphonic is 829Music's digital distributor pursuant to the contract under which Symphonic provides the sound recordings set forth in Exhibit B to authorized services or digital platforms.

21. Plaintiffs J&N Publishing and Mayimba are well-known music publishers engaged in the business of licensing and facilitating the distribution and exploitation of musical compositions worldwide.

22. Pursuant to written agreements with the relevant parties, Plaintiff J&N Publishing is the exclusive owner of the copyrights and/or exclusive administration rights to the musical compositions set forth on **Exhibit "C"**. J&N Publishing has filed and received Certificates of Copyright Registration from the Register of Copyrights for the copyrighted musical compositions set forth in Exhibit C.

23. Pursuant to written agreements with the relevant parties, Plaintiff Mayimba is the exclusive owner of the copyrights and/or exclusive administration rights to the musical compositions listed in **Exhibit "D"**. The Register of Copyrights has issued Certificates of Copyright Registration for each of the musical compositions set forth in Exhibit D.

**The Unauthorized Distribution Agreement**

24. Warner Music asserts that it entered into a distribution agreement (the "Distribution Agreement") with Harley Boys pursuant to which Harley Boys represented to Warner Music that distribution of the works Harley Boys provided to Warner Music pursuant to the Distribution Agreement would not violate any law or infringe upon the rights of any person. *See* December 15, 2023, letter from Warner Music, annexed hereto as **Exhibit "E"**.

25. Harley Boys asserts that it entered into the Distribution Agreement with ADA. *See* undated letter from Harley Boys, annexed hereto as **Exhibit "F"**.

26. Upon information and belief, Harley Boys provided Warner Music and/or ADA a catalogue of works (the "Catalogue") to be distributed pursuant to the Distribution Agreement.

27. Many of the works listed in the Catalogue are registered by Plaintiffs with the United States Copyright Office. Each of the works listed in Exhibits A, B, C and D ("Plaintiffs' Copyrighted Works") are listed in the Catalogue. The Catalogue also includes copyrighted works controlled by other parties, such as Universal and Platano Records.

28. Neither Harley Boys nor Warner Music nor ADA sought or received from Plaintiffs a license to distribute any of Plaintiffs' Copyrighted Works.

29. Pursuant to the Distribution Agreement – and without the Plaintiffs' authorization – Warner Music and/or ADA (a) distributed Plaintiffs' Copyrighted Works to various digital platforms, including Spotify, Qobuz, Amazon and YouTube; and (b) registered Plaintiffs' Copyrighted Works at Sound Exchange to collect ephemeral rights royalties for said Works.

30. Upon information and belief, Defendant Bleand acted as a representative of Defendant Harley Boys in negotiating the Distribution Agreement with Warner Music and/or ADA.

31. Upon information and belief, Defendant Bleand provided the Harley Boys and Warner Music and/or ADA the Catalogue of works that Warner Music and/or ADA exploited pursuant to the Distribution Agreement.

**The Cease and Desist Letter and Other**
**<u>Correspondence Between Plaintiffs and Defendants</u>**

32. On December 12, 2023, Plaintiffs' counsel delivered to ADA a letter (the "Cease and Desist Letter") in which Plaintiffs informed ADA that (a) many of the works being distributed by ADA pursuant to the Distribution Agreement are owned or controlled by Plaintiffs and (b) none

of the Plaintiffs has authorized ADA to distribute any of Plaintiffs' Copyrighted Works. A copy of the Cease and Desist Letter is annexed hereto as **Exhibit "G"**.

33. In the Cease and Desist Letter, Plaintiffs demanded that ADA immediately (a) cease and desist any further exploitation of Plaintiffs' Copyrighted Works; (b) provide Plaintiffs a copy of the Distribution Agreement; and (c) account to Plaintiffs for ADA's unauthorized exploitation of Plaintiffs' Copyright Works.

34. Warner Music responded to the Cease and Desist Letter pursuant to Warner Music's December 15, 2023 letter (Exhibit E), in which Warner Music asserted that it had entered into the Distribution Agreement with Harley Boys.

35. By letter dated December 19, 2023, Plaintiffs' counsel informed Warner Music that Warner Music's continued exploitation of Plaintiffs' Copyrighted Works would cause Plaintiffs to bring suit against Warner Music seeking, *inter alia*, the imposition of statutory damages against Warner Music. A copy of the December 19, 2023 letter is annexed hereto as **Exhibit "H"**.

36. That same day, Harley Boys sent Plaintiffs' counsel Harley Boys' letter (Exhibit F), in which Harley Boys asserts that it had entered into the Distribution Agreement with ADA. In its letter, Harley Boys also asserts that it has not authorized either Warner Music or ADA to provide Plaintiffs any documentation regarding the Distribution Agreement. *Id*.

**Neither José Luis Records nor José Luis Publishing Authorized Defendants to Distribute Plaintiffs' Copyrighted Works**

37. Notably, the Harley Boys letter does not assert that Harley Boys has received licenses from any of the Plaintiffs to distribute Plaintiffs' Copyrighted Works. *See* Exhibit F.

38. Instead, Harley Boys asserts in its letter that Harley Boys has conducted meetings with "all of the right holders involved in this matter," including José Altagracia Santos (from José Luis Records/José Luis Publishing) ("José Luis").

39. José Luis is the owner of the record label, José Luis Records and the publishing companies, José Luis Publishing/Jar Dominicana Publishing and Editora Robert (together, "José Luis Publishing").

40. José Luis Records entered into an exclusive, worldwide distribution agreement with J&N Records over ten years ago.

41. At or about that same time, José Luis Publishing entered into an exclusive co-publishing agreement with J&N Publishing for the musical compositions controlled by José Luis Publishing, where J&N Publishing is the exclusive, worldwide administrative co-publisher.

42. Neither José Luis Records nor José Luis Publishing has licensed rights to any other company for distribution of their works since entering into the agreements with J&N Records and J&N Publishing.

43. José Luis did not make any arrangements to meet with Harley Boys. *See* Declaration of José Altagracia Santos, executed on January 4, 2024, annexed hereto as **Exhibit "I"**.

44. On December 18, 2023 José Luis made arrangements to meet with Nepo Nuñez at a hotel in the Dominican Republic. *Id.*

45. When José Luis arrived at the hotel, he encountered, amongst others, Defendant Luigui Bleand ("Bleand") with whom José Luis had not had any prior business dealings. *Id.*

46. Bleand told José Luis that Bleand wanted José Luis to sign a document, but did not describe the contents of the document. *Id.*

47. José Luis informed Bleand that he could not sign any type of papers, since José Luis Records and José Luis Publishing were under exclusive contracts with J&N Records and J&N Publishing. *Id.*

**Defendants Bleand's Prior Unauthorized Exploitation**
**Of Plaintiffs' Works**

48. From at least 2013 through the present, Defendant Bleand has licensed to third parties numerous works to which Plaintiffs own the exclusive distribution rights. Plaintiffs set forth below a few examples of Bleand's prior unauthorized exploitation of Plaintiffs' works.

49. Upon information and belief, in or about 2015, Defendant Bleand through one of the companies he controls, entered into an agreement with The Orchard to distribute certain works (the "2015 Agreement").

50. Pursuant to the 2015 Agreement, The Orchard distributed, *inter alia*, approximately 500 sound recordings that are owned and/or controlled by J&N Records, (the "J&N Works") including many of Plaintiffs' Copyrighted Works set forth in Exhibit A.

51. J&N Records informed The Orchard (a) that J&N Records owned and/or controlled all of the J&N Works; (b) that J&N Records had not licensed to Bleand or any of Bleand's companies any of the J&N Works; and (c) demanded that The Orchard remove the J&N Works from all digital platforms.

52. The Orchard ultimately complied with J&N Records' demand to remove the J&N Works from all digital platforms, and upon information and belief, terminated the 2015 Agreement in 2021, prior to execution of the Distribution Agreement between Harley Boys and Warner Music and/or ADA.

53. In or about 2020, J&N Publishing discovered that an account at BMI under the name Christopher Marte ("Marte") included many works controlled by J&N Publishing (the "J&N Publishing Works"). In 2021, Defendant Bleand, through his company the Renegade US Inc. ("The Renegade") licensed the J&N Publishing Works (the Marte titles that are actually owned and controlled by J&N Publishing) and many other works to The Orchard Publishing. At J&N

Publishing's request, The Orchard Publishing relinquished all rights to the Marte titles, including the J&N Publishing Works. Metadata attributing these works to Marte, however, still persists at royalty administration companies such as Harry Fox and the MLC.

54. On or about January 22, 2023, Defendant Bleand caused several sound recordings owned and/or controlled by 829Music (the "829Music Works") to be posted on YouTube, in which José Luis Records was identified as the registered copyright owner.

55. 829Music (a) informed Bleand that 829Music, and not Bleand or José Luis Records, owned and/or controlled all rights regarding the 829Music Works; and (b) demanded that Bleand remove the 829Music Works from YouTube.

56. Bleand ultimately caused the 829Music Works to be removed from YouTube.

57. In or about 2013, Defendant Bleand licensed a track entitled Yo Toy Rulay to Blanco Y Negro (a company in Spain). 829Music controls all rights with respect to Yo Toy Rulay. At 829Music's request, Blanco Y Negro discontinued distribution of the work.

58. In or about May, 2022, Mayimba discovered that works composed and performed by the iconic Dominican singer/songwriter Francisco Pache Torres p/k/a Ramon Torres for which Mayimba has the exclusive digital distribution and publishing administration rights (the "Torres Works") were being distributed through digital platforms by The Orchard at the behest of Defendant Bleand through The Renegade.

59. Further, Bleand had registered many of the Torres musical compositions at BMI in Bleand's name as writer and publisher, and licensed many of the Torres Works directly to third parties. Mayimba recovered payment from only one of the third parties regarding the Torres Works. The Orchard ultimately discontinued distributing the Torres Works at Mayimba's request.

60. In or about June, 2022, Plaintiff Mayimba became aware that Regalías Digitales (a company that collects YouTube royalties for independent publishers) was claiming the right to exploit and receive payment on works owned or controlled by Mayimba (the "Mayimba Works"). Regalías Digitales subsequently informed Mayimba that the licensor on whose behalf Regalías Digitales was making the claim was a Bleand company called Bleand Enterprises.

61. After Mayimba provided Regalías Digitales the contracts demonstrating that Mayimba owned and/or controlled all rights to the Mayimba Works, Regalías Digitales ceased making payments regarding said Works to Bleand's company and started making payments on said Works to Mayimba.

62. Upon information and belief, Bleand's company retained all payments it received from Regalías Digitales from 2017 through June, 2022.

63. Furthermore, Bleand also caused many of the Mayimba Works to be registered at BMI in Bleand's name, despite the fact that he had no involvement in or other rights with respect to said Works, including musical compositions composed by Ramon Torres.

## FIRST CAUSE OF ACTION

Direct Copyright Infringement
17 U.S.C. §§ 101 *et seq.*
(Against All Defendants)

64. Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 63 hereof as if fully set forth herein.

65. Plaintiffs J&N Records, 829Music, J&N Publishing and Mayimba are the owners of the registered copyrights and/or the exclusive distribution rights to Plaintiffs' Copyrighted Works set forth in Exhibits A, B, C and D, respectively.

66. Pursuant to 17 U.S.C. §§ 106(1) and (3), Plaintiffs have the exclusive right to reproduce and distribute Plaintiffs' Copyrighted Works.

67. Defendants, with full knowledge of Plaintiffs' exclusive copyrights and distribution rights, and without license or authorization, have willfully, reproduced and distributed Plaintiffs' Copyrighted Works.

68. Defendants are responsible directly for the unlawful infringement of Plaintiffs' copyright interests in and exclusive distribution rights to Plaintiffs' Copyrighted Works.

69. Furthermore, Defendants' unauthorized exploitation of Plaintiffs' Copyrighted Works serves exactly the same purpose as Plaintiffs' intended use of said Works – *i.e.*, the distribution for sale of popular Latin American music. Thus, there is no added benefit to the general public by Defendants' unauthorized exploitation of Plaintiffs' Copyrighted Works.

70. As a direct and proximate result of the foregoing acts of infringement, Plaintiffs have been and continue to be damaged substantially.

71. As a direct and proximate result of the foregoing acts of infringement, Plaintiffs have been and will be irreparably injured.

72. Defendants' infringement of Plaintiffs' rights in and to each of Plaintiffs' Copyrighted Works constitutes a separate and distinct act of infringement.

73. Defendants' infringement of Plaintiffs' copyright interests is and was willful within the meaning of the Copyright Act.

74. Defendants are liable to Plaintiffs for actual damages and profits for each act of infringement under 17 U.S.C. § 504 or, in the alternative, for statutory damages for each willful infringement in an amount to be determined at trial.

75. Pursuant to 17 U.S.C. § 505, Plaintiffs also request that this Court order Defendants to reimburse Plaintiffs for their attorneys' fees and costs incurred in prosecuting this action.

**SECOND CAUSE OF ACTION**
Contributory Copyright Infringement
(Against Defendants Bleand and Harley Boys)

76. Plaintiffs repeat and reallege the allegations contained in Paragraphs 1 through 63 hereof as if fully set forth herein.

77. Defendants Bleand and Harley Boys have and continue to have actual and constructive knowledge of Warner Music's and ADA's infringement of Plaintiffs' Copyrighted Works.

78. Defendants Bleand and Harley Boys further have taken and continue to take active steps to encourage, facilitate, and thereby induce Warner Music's and ADA's continued infringement of Plaintiffs' Copyrighted Works. *See*, for example, Harley Boys' letter annexed as Exhibit F.

79. Defendants Bleand and Harley Boys have refused and failed to exercise their ability to prevent Warner Music's and ADA's continued copyright infringement by refusing to comply with the Cease and Desist Letter sent by the attorneys for Plaintiffs demanding that Defendants halt all infringing uses.

80. Defendants' Bleand's and Harley Boys' conduct demonstrates that they have intentionally, willfully, and purposefully sought to induce continued infringement of Plaintiffs' Copyrighted Works.

81. Each violation of Plaintiffs' copyright interests in Plaintiffs' Copyrighted Works constitutes a separate and distinct act of copyright infringement.

82. Defendants Bleand and Harley Boys knew or should have known that they did not have ownership or licensed rights or Plaintiffs' authorization to permit Warner Music and ADA to exploit Plaintiffs' Copyrighted Works.

83. Defendants Bleand and Harley Boys, for their own profit, have induced Defendant Warner Music and ADA to exploit without Plaintiffs' authorization Plaintiffs' Copyrighted Works.

84. For all the foregoing reasons, Defendants Bleand and Harley Boys are liable to Plaintiffs for contributory infringement of Plaintiffs' copyright interests in Plaintiffs' Copyrighted Works.

85. As a direct and proximate result of the foregoing acts, Plaintiffs have been and continue to be damaged substantially.

86. As a direct and proximate result of the foregoing acts, Plaintiffs have been and continue to be injured irreparably.

87. Accordingly, Defendants Bleand and Harley Boys are liable to Plaintiffs for actual damages and profits under 17 U.S.C. § 504 in an amount to be determined at trial, or, in the alternative, for statutory damages with respect to each of Plaintiffs' Copyrighted Works that has been infringed.

88. Pursuant to 17 U.S.C. § 505, Plaintiffs also requests that this Court order Defendants Bleand and Harley Boys to reimburse Plaintiffs for their attorneys' fees and costs incurred in prosecuting this action.

## **THIRD CAUSE OF ACTION**

Contributory Copyright Infringement
(Against Warner Music and WMG)

89. Plaintiffs repeat and reallege the allegations contained in Paragraphs 1 through 63 hereof as if fully set forth herein.

90. Defendants Warner Music and WMG have taken and continue to take active steps to encourage, facilitate, and thereby induce third parties, including Spotify, Qobuz, Amazon and YouTube (the "Third Parties") to infringe Plaintiffs' Copyrighted Works.

91. Defendants Warner Music and WMG have refused and failed to exercise their ability to prevent the Third Parties' continued copyright infringement by refusing to comply with the Cease and Desist Letter sent by the attorneys for Plaintiffs demanding that Defendants halt all infringing uses.

92. Defendants' Warner Music's and WMG's conduct demonstrates that they have intentionally, willfully, and purposefully sought to induce continued infringement of Plaintiffs' Copyrighted Works.

93. Each violation of Plaintiffs' copyright interests in Plaintiffs' Copyrighted Works constitutes a separate and distinct act of copyright infringement.

94. Defendants Warner Music and WMG knew or should have known that they did not have ownership or licensed rights or Plaintiffs' authorization to authorize the Third Parties to exploit Plaintiffs' Copyrighted Works.

95. Defendants Warner Music and WMG, for their own profit, have induced the Third Parties to exploit without Plaintiffs' authorization Plaintiffs' Copyrighted Works.

96. For all the foregoing reasons, Defendants Warner Music and WMG are liable to Plaintiffs for contributory infringement of Plaintiffs' copyright interests in Plaintiffs' Copyrighted Works.

97. As a direct and proximate result of the foregoing acts, Plaintiffs have been and continue to be damaged substantially.

98. As a direct and proximate result of the foregoing acts, Plaintiffs have been and continue to be injured irreparably.

99. Accordingly, Defendants Warner Music and WMG are liable to Plaintiffs for actual damages and profits under 17 U.S.C. § 504 in an amount to be determined at trial, or, in the

alternative, for statutory damages with respect to each of Plaintiffs' Copyrighted Works that has been infringed.

100. Pursuant to 17 U.S.C. § 505, Plaintiffs also requests that this Court order Defendants Warner Music and WMG to reimburse Plaintiffs for their attorneys' fees and costs incurred in prosecuting this action.

**FOURTH CAUSE OF ACTION**
Vicarious Copyright Infringement
(Against Defendants Bleand and Harley Boys)

101. Plaintiffs repeat and reallege the allegations contained in Paragraphs 1 through 63 hereof as if fully set forth herein.

102. Defendants Bleand and Harley Boys, by illegally authorizing Warner Music and ADA to distribute for sale Plaintiffs' Copyrighted Works, sought to and did profit from such unauthorized exploitation.

103. Defendants Bleand and Harley Boys profit directly and substantially from such infringement.

104. Defendants Bleand and Harley Boys financially benefitted from Warner Music's ADA's distribution and exploitation of Plaintiffs' Copyrighted Works without Plaintiffs' authorization.

105. There is a direct and substantial relationship between Defendants Bleand's and Harley Boys' profits and Defendant Warner Music's and ADA's unauthorized exploitation of Plaintiffs' Copyrights Works.

106. Defendants Bleand and Harley Boys had the ability to stop the infringing activity by ceasing to authorize Warner Music and ADA to distribute for sale Plaintiffs' Copyright Works.

107. Notwithstanding Defendants Bleand's and Harley Boys' ability to prevent Warner Music's and ADA's unauthorized reproduction and distribution of Plaintiffs' Copyrighted Works, they have refused and failed to prevent Warner Music's and ADA's unauthorized exploitation of said Works.

108. Defendants Bleand and Harley Boys knew or should have known that they did not have the right to license to Warner Music or ADA the exploitation of Plaintiffs' Copyrighted Works.

109. Upon information and belief, Defendants Bleand and Harley Boys each improperly and unlawfully represented to Warner Music and ADA that Harley Boys were the owners and/or had the authority to license to Warner Music and ADA the exploitation of Plaintiffs' Copyrighted Works.

110. Defendants Bleand and Harley Boys, by making the representations alleged in paragraph 24, above, knew and intended that neither Warner Music nor ADA would seek to secure an appropriate authorization or license from Plaintiffs to exploit Plaintiffs' Copyrighted Works.

111. Through the conduct described above, Defendants Bleand and Harley Boys are liable for the vicarious infringement of Plaintiffs' copyrights in Plaintiffs' Copyrighted Works.

112. As a result of Defendants Bleand's and Harley Boys' vicarious infringement of Plaintiffs' copyrights in Plaintiffs' Copyrighted Works, Defendants Bleand and Harley Boys have obtained direct and indirect profits that they would not otherwise have realized, but for their vicarious infringement of Plaintiffs' copyrights.

113. Defendants Bleand's and Harley Boys' conduct described above was willful, intentional and/or reckless, and done for their own economic gain.

114. Each violation of Plaintiffs' rights in Plaintiffs' Copyrighted Works constitutes a separate and distinct act of copyright infringement.

115. As a direct and proximate result of the foregoing acts, Plaintiffs have been and continue to be damaged substantially.

116. As a direct and proximate result of the foregoing acts, Plaintiffs have been and continue to be injured irreparably.

117. Accordingly, Defendants Bleand and Harley Boys are liable to Plaintiffs for actual damages and profits under 17 U.S.C. § 504 in an amount to be determined at trial, or, in the alternative, for statutory damages with respect to each of Plaintiffs' Copyrighted Works that has been infringed.

118. Pursuant to 17 U.S.C. § 505, Plaintiffs also request that this Court order Defendants Bleand and Harley Boys to reimburse Plaintiffs for their attorneys' fees and costs incurred in prosecuting this action.

## FIFTH CAUSE OF ACTION

Vicarious Copyright Infringement
(Against Defendants Warner Music and WMG)

119. Plaintiffs repeat and reallege the allegations contained in Paragraphs 1 through 63 hereof as if fully set forth herein.

120. Defendants Warner Music and WMG, by illegally authorizing the Third Parties to distribute for sale Plaintiffs' Copyrighted Works, sought to and did profit from such unauthorized exploitation.

121. Defendants Warner Music and WMG profit directly and substantially from such infringement.

122. Defendants Warner Music and WMG financially benefitted from the Third Parties' distribution and exploitation of Plaintiffs' Copyrighted Works without Plaintiffs' authorization.

123. There is a direct and substantial relationship between Defendants Warner Music's and WMG's profits and the Third Parties' unauthorized exploitation of Plaintiffs' Copyrights Works.

124. Warner Music and WMG had the ability to stop the infringing activity by ceasing to authorize Third Parties to distribute for sale Plaintiffs' Copyright Works.

125. Notwithstanding Defendants Warner Music's and WMG's ability to prevent the Third Parties' unauthorized reproduction and distribution of Plaintiffs' Copyrighted Works, they have refused and failed to prevent the Third Parties' unauthorized exploitation of said Works.

126. Defendants Warner Music and WMG knew or should have known that they did not have the right to license to the Third Parties the exploitation of Plaintiffs' Copyrighted Works.

127. Upon information and belief, Defendants Warner Music and WMG each improperly and unlawfully represented to the Third Parties that Warner Music and WMG had the authority to license to the Third Parties the exploitation of Plaintiffs' Copyrighted Works.

128. Defendants Warner Music and WMG, by continuing to improperly authorize the Third Parties' reproduction and distribution of Plaintiffs' Copyright Works, knew and intended that none of the Third Parties would seek to secure an appropriate authorization or license from Plaintiffs to exploit Plaintiffs' Copyrighted Works.

129. Through the conduct described above, Defendants Warner Music's and WMG's are liable for the vicarious infringement of Plaintiffs' copyrights in Plaintiffs' Copyrighted Works.

130. As a result of Defendants Warner Music's and WMG's vicarious infringement of Plaintiffs' copyrights in Plaintiffs' Copyrighted Works, Defendants Warner Music and WMG have

obtained direct and indirect profits that they would not otherwise have realized, but for their vicarious infringement of Plaintiffs' copyrights.

131. Defendants Warner Music's and WMG's conduct described above was willful, intentional and/or reckless, and done for their own economic gain.

132. Each violation of Plaintiffs' rights in Plaintiffs' Copyrighted Works constitutes a separate and distinct act of copyright infringement.

133. As a direct and proximate result of the foregoing acts, Plaintiffs have been and continue to be damaged substantially.

134. As a direct and proximate result of the foregoing acts, Plaintiffs have been and continue to be injured irreparably.

135. Accordingly, Defendants Warner Music and WMG are liable to Plaintiffs for actual damages and profits under 17 U.S.C. § 504 in an amount to be determined at trial, or, in the alternative, for statutory damages with respect to each of Plaintiffs' Copyrighted Works that has been infringed.

136. Pursuant to 17 U.S.C. § 505, Plaintiffs also request that this Court order Defendants Warner Music and WMG to reimburse Plaintiffs for their attorneys' fees and costs incurred in prosecuting this action.

**SIXTH CAUSE OF ACTION**
Injunction and Seizure Pursuant to 17 U.S.C. § 502, *et seq*.
(Against All Defendants)

137. Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 63 hereof as if fully set forth herein.

138. Plaintiffs are entitled to a preliminary and permanent injunction under 17 U.S.C. § 502, *et seq*., to prevent further infringement of Plaintiffs' Copyrighted Works.

139. Plaintiffs further request that the Court order the seizure of all copies of Plaintiffs' Copyrighted Works found to have been made or used in violation of Plaintiffs' exclusive rights in said Works.

140. Pursuant to 17 U.S.C. § 502, *et seq*., Plaintiffs further request the impounding or destruction or other reasonable disposition of all sound recordings, including digital copies of Plaintiffs' Copyrighted Works, made or used in violation of Plaintiffs' exclusive rights.

**DEMAND FOR JURY TRIAL**

141. Plaintiffs demand a trial by jury of all issues so triable.

**WHEREFORE**, Plaintiffs respectfully request that the Court enter judgment:

(a) On the First Cause of Action, ordering Defendants to pay Plaintiffs actual damages and profits or, in the alternative, statutory damages pursuant to 17 U.S.C. § 504 for each violation of Plaintiffs' exclusive rights under 17 U.S.C. § 106;

(b) On the Second Cause of Action, ordering Defendants Bleand and Harley Boys to pay Plaintiffs' actual damages and disgorge to Plaintiffs Defendants' profits or, in the alternative, to pay Plaintiffs statutory damages pursuant to 17 U.S.C. § 504 for each violation of Plaintiffs' exclusive rights under 17 U.S.C. § 106;

(c) On the Third Cause of Action, ordering Defendants Warner Music and WMG to pay Plaintiffs' actual damages and disgorge to Plaintiffs Defendants' profits or, in the alternative, to pay Plaintiffs statutory damages pursuant to 17 U.S.C. § 504 for each violation of Plaintiffs' exclusive rights under 17 U.S.C. § 106;

(d) On the Fourth Cause of Action, ordering Defendants Bleand and Harley Boys to pay Plaintiffs' actual damages and disgorge to Plaintiffs Defendants' profits or, in the alternative,

to pay Plaintiffs statutory damages pursuant to 17 U.S.C. § 504 for each violation of Plaintiffs' exclusive rights under 17 U.S.C. § 106;

(e) On the Fifth Cause of Action, ordering Defendants Warner Music and WMG to pay Plaintiffs' actual damages and disgorge to Plaintiffs Defendants' profits or, in the alternative, to pay Plaintiffs statutory damages pursuant to 17 U.S.C. § 504 for each violation of Plaintiffs' exclusive rights under 17 U.S.C. §106;

(f) On the Sixth Cause of Action, enjoining Defendants and their agents, successors, affiliates, servants, employees, representatives, and all other firms, divisions or corporations in active concert or participation with Defendants during the pendency of this action and permanently from engaging in any further infringing use of Plaintiffs' Copyrighted Works and ordering the impounding and/or destruction of all originals, copies, facsimiles and duplicates (including those in digital form) of Plaintiffs' Copyrighted Works in Defendants' possession, custody or control;

(g) On all Causes of Action, ordering Defendants to reimburse Plaintiffs for their attorneys' fees and costs incurred in prosecuting this action; and

(h) For all other relief that this Court deems just, necessary or proper.

Dated: January 16, 2024

SMITH, GAMBRELL & RUSSELL, LLP

By: /s/ *Sarah A. Gottlieb*

Roger J. Maldonado (*pro hac vice* pending)
1301 Avenue of the Americas, 21st Floor
New York, NY 10019
Tel: (212) 907-9741
Fax: (212) 907-9841
Email: rmaldonado@sgrlaw.com

Sarah A. Gottlieb
201 North Franklin Street, Ste. 3550
Tampa, Florida 33602
Tel: (813) 488-2925

Fax: (813) 488-2960
Email: sgottlieb@sgrlaw.com

*Attorneys for Plaintiffs*
*J&N Records LLC, J&N Publishing LLC, 829Music Mundial LLC, and Mayimba Music, Inc.*