**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

J&N RECORDS LLC, J&N PUBLISHING LLC, 829MUSIC MUNDIAL LLC, and MAYIMBA MUSIC, INC.,

Plaintiffs,

v.

HARLEY BOYS ENTERTAINMENT, LLC d/b/a ROAD RUNNER ENTERTAINMENT INC., HBE MEDIA HOLDINGS, INC., and LUIS ALFREDO SILVERIO a/k/a LUIGUI BLEAND,

Defendants.

Case No.: 1:24-cv-20172

## PLAINTIFFS' STATEMENT OF MATERIAL FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Plaintiffs J&N Records LLC, J&N Publishing LLC, 829Music Mundial LLC, and Mayimba Music, Inc. ("Plaintiffs"), by and through their undersigned counsel and pursuant to Local Rule 56.1, submit this Statement of Material Facts ("SMF").

1. J&N Records is the exclusive owner of the copyrights and/or the exclusive distribution rights to the sound recordings set forth on Ex. A to the Amended Complaint. **Exhibit A**, Declaration of Marti Cuevas ("Cuevas Decl.") ¶¶ 4-5 & Comp. Ex. 1 thereto.

2. 829Music is the exclusive owner of the copyrights and/or the exclusive distribution rights to the sound recordings set forth in Ex. B to the Amended Complaint. Cuevas Decl. ¶¶ 6-7 & Comp. Ex. 2 thereto.

3. 829Music also controls works by Linar De Jesús Espinal Nuñez p/k/a El Chaval de la Bachata ("El Chaval Works"). *Id.*

4. J&N Publishing is the exclusive owner of the copyrights and/or exclusive administration rights to the musical compositions set forth in Ex. C to the Amended Complaint. Cuevas Decl. ¶¶ 8-9 & Comp. Ex. 3 thereto.

5. J&N Publishing also controls works by Chicho Severino ("Severino Works") (together with the El Chaval Works, the "Additional Copyrighted Works"). *Id.*

6. Mayimba is the exclusive owner of the copyrights and/or exclusive administration rights to the musical compositions set forth in Ex. D to the Amended Complaint. Cuevas Decl. ¶¶ 10-11 & Comp. Ex. 4 thereto.

7. Plaintiffs seek statutory damages for 40 separate works, or 40 separate copyright registrations, as listed in the exhibits attached to the Declaration of Roger Maldonado. **Exhibit B**, Declaration of Roger Maldonado ("Maldonado Decl.") ¶¶ 4-7 & Exs. 1-4 thereto.

8. Neither Luis Alfredo Silverio a/k/a Luigui Bleand ("Silverio" or "Bleand"), nor his entities, Harley Boys Entertainment, LLC d/b/a Road Runner Entertainment Inc. ("Harley Boys") and HBE Media Holdings, Inc. ("HBE")[1] requested permission from any of Plaintiffs to exploit Plaintiffs' Copyrighted Works[2] or Additional Copyrighted Works. Cuevas Decl. ¶ 12.

9. On January 27, 2025, Plaintiffs' counsel served Silverio with Plaintiff J&N Records LLC's interrogatories and Plaintiffs' requests for production and requests for admission. **Exhibit C**, Declaration of Sarah Gottlieb ("Gottlieb Decl.") ¶¶ 4-7 & Comp. Ex. 1 thereto.

---

[1] The two corporate defendants are referred to together as "Harley Defendants." All three defendants are referred to collectively as "Defendants."

[2] "Copyrighted Works" has the same meaning as in Plaintiffs' Amended Complaint and refers to each of the works listed in Exhibits A, B, C, and D to the Amended Complaint.

10. Silverio did not respond to the requests for admission ("RFA"). *Id.* ¶ 8. Silverio also has not answered J&N Records, LLC's interrogatories or produced documents responsive to Plaintiffs' document requests, despite the passage of several months and despite being ordered by the Court to do so. *Id.* ¶¶ 9-13; *see also* ECF Nos. 63-64, 81.

11. Silverio admits that none of Defendants have any recording agreements with any of the artists whose sound recordings are set forth in Exhibits A and/or B to Plaintiffs' Amended Complaint. Comp. Ex. 1, Requests for Admission ("RFA") 1.

12. Silverio admits that none of Defendants have any agreements with any Person holding a license from any of the artists whose sound recordings are set forth in Exhibits A and/or B to Plaintiffs' Amended Complaint that permits any of Defendants to use any of the sound recordings set forth in Exhibits A and/or B to Plaintiffs' Amended Complaint. *Id.* 2.

13. Silverio admits that none of Defendants have any agreements with any of the songwriters whose musical compositions are set forth in Exhibits C, D, and/or J to the Amended Complaint. *Id.* 3.

14. Silverio admits that none of Defendants have any agreements with any Person holding a license from any of the artists whose sound recordings are set forth in Exhibits C, D, and/or J to Plaintiffs' Amended Complaint that permits any of Defendants to use any of the sound recordings set forth in Exhibits C, D, and/or J to Plaintiffs' Amended Complaint. *Id.* 4.

15. Silverio admits that the U.S. Copyright Office did not issue any certificates of registration to any of Defendants for any of the Copyrighted Works or Additional Copyrighted Works.[3] *Id.* 5.

---

[3] The RFA defines "Copyrighted Works" as "any of the sound recordings and musical compositions referenced in Exhibits A, B, C, D, and/ or J to Plaintiffs' Amended Complaint." RFA, Definitions, ¶ 8. Accordingly, Silverio's admissions concerning the "Copyrighted Works" referenced in the RFAs include admission as to the "Additional Copyrighted Works" as defined in the Amended Complaint and in the Motion papers.

16. Silverio admits that the U.S. Copyright Office did not issue any certificates of registration to any Person other than one or more of the Plaintiffs for any of the Copyrighted Works or Additional Copyrighted Works. *Id.* 6.

17. Silverio admits that none of Defendants had an express license to use any of the Copyrighted Works or Additional Copyrighted Works. *Id.* 7.

18. Silverio admits that none of Defendants had an implied license to use any of the Copyrighted Works or Additional Copyrighted Works. *Id.* 8.

19. Silverio admits that Plaintiffs are the exclusive holders of certificates of registration for the Copyrighted Works and Additional Copyrighted Works. *Id.* 9.

20. Silverio admits that Defendants were aware of Plaintiffs' ownership of the Copyrighted Works and Additional Copyrighted Works at the time Defendants' began their exploitation of the Copyrighted Works. *Id.* 10.

21. Silverio admits that Defendants exploited the Copyrighted Works and Additional Copyrighted Works. *Id.* 11.

22. Silverio admits Plaintiff J&N Records LLC is the exclusive owner of the copyrights and/ or the exclusive distribution rights to the sound recordings set forth in Exhibit A to the Amended Complaint. *Id.* 12.

23. Silverio admits Plaintiff 829Music Mundial LLC ("829Music") is the exclusive owner of the copyrights and/or the exclusive distribution rights to the sound recording set forth in Exhibit B to the Amended Complaint. *Id.* 13.

24. Silverio admits Plaintiff J&N Publishing LLC is the exclusive owner of the copyrights and/or exclusive administration rights to the musical compositions set forth in Exhibit C to the Amended Complaint. *Id.* 14.



SGR/80499484.1

25. Silverio admits Plaintiff Mayimba Music, Inc. is the exclusive owner of the copyrights and/or exclusive administration rights to the musical compositions listed in Exhibit D to the Amended Complaint. *Id.* 15.

26. Silverio admits none of Defendants sought or received from Plaintiffs a license to distribute any of the Copyrighted Works or Additional Copyrighted Works. *Id.* 16.

27. Silverio admits Harley Boys entered into a distribution agreement ("Distribution Agreement") with Warner Music Latina Inc. and/ or ADA Latin ("Warner Music") dated July 14, 2021, as subsequently amended. *Id.* 17; ECF No. 38 ¶ 23, 31; ECF No. 44 ¶ 23, 31.

28. Silverio admits that pursuant to the Distribution Agreement with Warner Music, Harley Boys caused Warner Music to distribute the Copyrighted Works to various digital platforms, including Spotify, Qobuz, Amazon and YouTube. RFA 18.

29. Silverio admits that he acted as a representative of Harley Boys in negotiating the Distribution Agreement with Warner Music. *Id.* 19.

30. Silverio admits he provided Harley Boys and Warner Music the catalogue of works to be distributed pursuant to the Distribution Agreement and that that Harley Boys exploited pursuant to the Distribution Agreement. *Id.* 20.

31. Silverio admits that neither José Luis Records nor José Luis Publishing has licensed rights to any of Defendants for distribution of their works. *Id.* 21.

32. Silverio admits that neither José Luis Records nor José Luis Publishing has licensed rights to any Person, other than Plaintiffs, since entering into the agreements with J&N Records LLC and J&N Publishing LLC. *Id.* 22.

33. Silverio admits that on or about January 22, 2023, he caused several sound recordings owned and/ or controlled by 829Music (the "829Music Works") to be posted on YouTube, in which José Luis Records was identified as the registered copyright owner. *Id.* 23.

34. Silverio admits Warner Music terminated the Distribution Agreement on the grounds that Harley Boys was in material breach and default of the representations and warranties Harley Boys made to Warner Music pursuant to the Distribution Agreement. *Id.* 24.

35. Silverio admits that he and HBE provided the El Chaval Works to Ditto Music Ltd. ("Ditto") despite not having sought or received licenses from 829Music to distribute the El Chaval Works. *Id.* 25; ECF No. 38 ¶ 67; ECF No. 44 ¶ 67.

36. Silverio admits that he and HBE provided the Copyrighted Works and the Severino Works to Ditto for distribution. RFA 26.

37. Silverio admits that neither he nor HBE nor Ditto sought or received licenses from any of the Plaintiffs to distribute the Copyrighted Works or the Severino Works. *Id.* 27; *see also* ECF No. 38 ¶ 71; ECF No. 44 ¶ 71.

38. Silverio is the Chief Executive Officer of Harley Boys and HBE. ECF No. 38 ¶¶ 10-11; ECF No. 44 ¶ 10-11.

39. Harley Boys has not sought nor received from Plaintiffs a license to distribute Plaintiffs' Copyrighted works. ECF No. 38 ¶ 29; ECF No. 44 ¶ 29.

40. Defendants received Plaintiffs' counsel's letter, attached to the Amended Complaint as Exhibit I, to Ditto and Silverio demanding that Ditto immediately cease and desist from any further exploitation of the Copyrighted Works and the Severino Works. ECF No. 38 ¶ 72; ECF No. 44 ¶ 72.

41. Harley Boys sent Plaintiffs' counsel a letter as attached to the Amended Complaint as Exhibit F. *See* ECF No. 38 ¶¶ 35-37; *see* ECF No. 44 35-37.

Dated: June 30, 2025

SMITH, GAMBRELL & RUSSELL, LLP

By: *Sarah A. Gottlieb*

Roger J. Maldonado (*pro hac vice*)
1301 Avenue of the Americas, 15th Floor
New York, NY 10019
Tel: (212) 907-9741
Fax: (212) 907-9841
Email: rmaldonado@sgrlaw.com

Sarah A. Gottlieb
201 North Franklin Street, Ste. 3550
Tampa, Florida 33602
Tel: (813) 488-2925
Fax: (813) 488-2960
Email: sgottlieb@sgrlaw.com

*Attorneys for Plaintiffs*
*J&N Records LLC, J&N Publishing LLC, 829Music Mundial LLC, and Mayimba Music, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 30, 2025, I caused the foregoing to be filed via CM/ECF which will serve all attorneys of record.

*/s/ Sarah A. Gottlieb*
Attorney