**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO.: 1:24-CV-20172-GAYLES**

**J&N RECORDS LLC, J&N PUBLISHING LLC, 829MUSIC MUNDIAL LLC, and MAYIMBA MUSIC, INC.,**

**Plaintiffs,**

**v.**

**HARLEY BOYS ENTERTAINMENT, LLC d/b/a ROAD RUNNER ENTERTAINMENT INC., HBE MEDIA HOLDINGS, INC., and LUIS ALFREDO SILVERIO a/k/a LUIGUI BLEAND,**

**Defendants.**
_______________________________________/

**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT**

This cause came before the Court on Plaintiffs' Motion for Entry of Default Judgment Against Harley Boys and HBE ("Motion"). [ECF No. 93]. The Court has reviewed the Motion and the record and is otherwise fully advised. For the reasons below, the Motion is granted.

**BACKGROUND**

On January 16, 2024, Plaintiffs J&N Records LLC ("J&N Records"), J&N Publishing LLC ("J&N Publishing"), 829Music Mundial LLC ("829Music"), and Mayimba Music, Inc. ("Mayimba") (collectively, "Plaintiffs") filed this action against Warner Music Latina Inc., Warner Music Group Corp. d/b/a ADA Latin (together, "Warner"), Harley Boys Entertainment, LLC d/b/a Road Runner Entertainment, Inc. ("Harley Boys"), and Luis Alfredo Silverio a/k/a Luigui Bleand ("Silverio"). [ECF No. 1]. On July 3, 2024, Plaintiffs filed their Amended Complaint against Harley Boys, HBE Media Holdings, Inc. ("HBE") (together, the "Harley Defendants"), and

Silverio (collectively, "Defendants"), asserting claims for direct, contributory, and vicarious copyright infringement. [ECF No. 38]. Defendants answered the Amended Complaint on July 30, 2024. [ECF No. 44].

**A. Allegations in the Amended Complaint**

Plaintiffs J&N Records and 829Music are record companies that produce, distribute, sell, license, and facilitate the distribution of sound recordings. Plaintiffs J&N Publishing and Mayimba are music publishers. Together, Plaintiffs own or hold the exclusive rights to distribute and administer dozens of sound recordings and musical compositions (the "Copyrighted Works"). [ECF No. 38 ¶¶ 12–22]. In addition, 829Music controls certain works by Linar De Jesus Espinal Nunez (the "El Chaval Works"), and J&N Publishing controls certain works by Chico Severino (the "Severino Works") (collectively, the "Additional Copyrighted Works"). *Id.* ¶¶ 65-73, 81-83. Plaintiffs are the exclusive holders of certificates of registration from the U.S. Copyright Office for the Copyrighted Works and Additional Copyrighted Works. *Id.* ¶¶ 14, 15, 21, 22.

Defendants do not have authorization or a license from Plaintiffs to reproduce, distribute, or otherwise exploit the Copyrighted Works or the Additional Copyrighted Works. *Id.* ¶¶ 67, 71. Even so, Harley Boys entered into a distribution agreement with Warner (the "Distribution Agreement") on July 14, 2021. *Id.* ¶ 23. Silverio negotiated the Distribution Agreement on Harley Boys behalf. *Id.* ¶ 31. In connection with that agreement, Harley Boys provided Warner Music with a catalogue for distribution that included Plaintiffs' Copyrighted Works. *Id.* ¶ 27.

Relying on Silverio's representations concerning Harely Boys' rights in the catalogue, Warner distributed Plaintiffs' Copyrighted Works to various digital platforms, including Spotify, Qobuz, Amazon, and YouTube. *Id*. ¶ 30. Warner later terminated the Distribution Agreement after learning that Harely Boys had no rights in the Copyrighted Works. *Id.* ¶ 63.

Silverio's unauthorized distribution of Plaintiffs' works continued after the Warner distribution. Silverio and HBE also provided the Copyrighted Works and the Additional Copyrighted Works to Ditto Music Ltd. ("Ditto"), even though they had neither authorization nor licenses to do so. *Id.* ¶¶ 65-73, 81-83. Following notice from Plaintiffs, Ditto agreed to cease further distribution. *Id.* ¶¶ 72-75.

Plaintiffs seek (1) statutory damages for 40 of the Copyrighted Works and Additional Copyrighted Works that Silverio and Harley Boys infringed and (2) injunctive relief.

**B. Procedural History**

On November 7, 2024, the Court granted Defendants' counsel's motion to withdraw. [ECF No. 51]. Because the Harley Defendants are corporate entities that may appear only through counsel, the Court ordered them to obtain new counsel on or before December 6, 2024. *Id.* The Harley Defendants failed to do so, and the Court entered defaults against them. [ECF No. 54].

On June 9, 2025, following the continuance of an initial settlement conference with Magistrate Judge Lauren F. Louis, the law firm of Barakat + Bossa entered an appearance on behalf of Defendants. [ECF Nos. 77-79]. On July 31, 2025, after the parties reached a settlement, [ECF No. 113], the Court administratively closed the case and denied all pending motions as moot, [ECF No. 114].

The settlement, however, fell apart and, on September 10, 2025, the Court permitted Barakat + Bossa to withdraw as counsel for Defendants. [ECF No. 122]. In its Order granting the withdrawal, the Court directed the Harley Defendants to obtain new counsel on or before October 10, 2025, and Silvero to either obtain new counsel or notify the Court that he intends to represent himself (the "Withdrawal Order"). *Id.* Notably, the Court cautioned Defendants that failure to comply with the Withdrawal Order would "create a presumption that Defendants no longer wish

to participate in this lawsuit" and could result in sanctions against them. *Id.* Defendants did not comply with the Withdrawal Order.

On September 10, 2025, Plaintiffs moved to reopen the case and renew their Motions for Summary Judgment and for Default Judgment. [ECF No. 121]. On September 16, 2025, the Court reopened the case. [ECF No. 123]. The Harley Defendants did not respond to the renewed Motion for Default Judgment.

## DISCUSSION

As a result of the Harley Defendants' default, the Court accepts as true Plaintiffs' claims for direct copyright infringement, contributory copyright infringement, and vicarious copyright infringement. *See Ordonez v. Icon Sky Holdings LLC*, No. 10-cv-60156, 2011 WL 3843890, at *5 (S.D. Fla. Aug. 30, 2011) (holding that, by entry of default, all of plaintiffs' "well-pled allegations in the Complaint are deemed admitted."). Accordingly, it is

**ORDERED AND ADJUDGED** that Plaintiffs' Motion for Entry of Default Judgment Against Harley Boys and HBE, [ECF No. 93], is **GRANTED**. In accordance with Federal Rule of Civil Procedure 58(a), final judgment will be entered separately.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 16th day of August, 2026.

DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE